M. L. BROWNE et al. v. E. F. LAMB.

*Trust and Trustee.*

B. sold and conveyed to T. a tract of land, and the latter conveyed the same land to L., in trust to secure the payment of the purchase-money; this deed contained a provision that if T. should make sale of any of the timber on the land, he should apply the proceeds on the purchase-money. Soon after the execution of the deed, T. went into possession, and did cut and sell timber, devoting a portion of the money arising therefrom to the payment of the purchase-notes, which were then in the possession of D., but T. being unable to complete the payment, L., the trustee, at the request of B., sold the lands under the trust, when B. became purchaser and took title, and thereupon brought suit against L. to recover the value of the timber cut by T., and certain taxes which the latter had permitted to accrue: *Held*, That L. was only a trustee for the sale of the land, in the event T. should make default in the payment of the purchase-notes, and that he was not liable for the conduct of T., or the custody of the property while T. was in possession, especially as his conduct and possession were with the knowledge and consent of B.

CIVIL ACTION, tried at Fall Term, 1891, of. PASQUOTANK Superior Court, *Brown, J.,* presiding.

It appears from the pleadings that, on the 18th of January, 1887, the plaintiffs, through the agency of the defendant, sold and conveyed to W. O. Temple certain lands in Pasquotank County; part of the purchase-money was paid in cash, and for the balance notes were given by said Temple to plaintiffs, as set out in the complaint, for the sum of $7,000, and, to secure payment of the same, said Temple and his wife executed to the defendant a deed of trust of even date with the deed from the plaintiff to Temple, and which deed of trust is as follows:

"This deed of trust, made this 18th day of January, 1887, between W. O. Temple and wife, Blanche G. Temple, of the county of Pasquotank, and State of North Carolina, parties of the first part, and E. F. Lamb, Trustee, of the county of Pasquotank, and State of North Carolina, party of the second part—

*Witnesseth,* That the said W. O. Temple, party of the first part, as aforesaid, is justly indebted to S. C. Browne, M. L. Browne, M. F. Browne and R. M. Browne, of the city of Norfolk, and State of Virginia, in the sum of seven thousand dollars, evidenced by four bonds, for $250 each, maturing July 18th, 1887; four bonds for $125 each, maturing January 1st, 1888; four bonds for $343.75 each, maturing January 1st, 1889; four bonds for $343.75 each, maturing January 1st, 1890, four bonds for $343.75 each, maturing January 1st, 1891, and four bonds for $343.75 each, maturing January 1st, 1892. All of said bonds bearing interest from date at the rate of six per cent. per annum, and one bond of each series being payable respectively to S. C. Browne, M. F. Browne, M. L. Browne and R. M. Browne. And whereas the said parties of the first part are anxious to secure the payment thereof, now, therefore, this deed of trust further

111—2

*Witnesseth,* That for and in consideration of the premises, and the further sum of five dollars in hand, paid by the party of the second part to the party of the first part, the receipt whereof is hereby acknowledged, the said parties of the first part have given, granted, bargained and sold and conveyed, and by these presents do give, grant, bargain and sell and convey unto the said E. F. Lamb, Trustee, and his heirs, the following parcels or tracts of land, to-wit, lying and being in Salem Township, Pasquotank County, State of North Carolina, and bounded as follows: On the north by the public road leading from the cross-roads, or Four Forks, to Dry ridge; on the east by the road leading from the said cross-roads, or Four Forks, to Little river; on the south by said river, and on the west by the lands of John T. Davis and J. M. Weeks, containing six hundred and ninety-three acres, more or less, being the same tract of land that was this day conveyed to the said W. O. Temple by S. C. Browne, M. F. Browne, M. L. Browne and R. M. Browne, and to secure the purchase-money, for which, in part, this present deed is made. If the said Temple shall make any sale or disposition of the timber of the aforesaid lands, it is hereby agreed he shall apply the proceeds therefrom in payment of the bonds herein secured. To have and to hold the above-described pieces of land, with all the improvements thereunto belonging, unto the said E. F. Lamb, Trustee aforesaid, and his heirs, in fee-simple forever. But on this special trust and confidence: That if the said W. O. Temple shall well and truly pay off and discharge each of the aforementioned bonds, with the accrued interest, as they shall severally fall due, or cause the same to be paid off and discharged, then the Trustee herein mentioned shall reconvey to said Temple and his heirs, or unto such person as shall be legally entitled, all the right, title and interest hereby conveyed, the necessary cost and expense of such reconveyance to be paid by the party of the first part. But if the said W. O. Temple shall fail to pay either of the afore-

said and described bonds at maturity, or at any time there-after, within ten days after being requested so to do by the said payees or the legal holder of said bonds, or any of them, then the said Trustee, at the request of said payees, or the legal holder of said bonds, or any of them, shall sell the property herein described at public auction at the court-house door in Pasquotank County, for cash, or on such terms as the *cestui que trust* shall name, and apply the proceeds of such in payment of commissions to said Trustee at five per cent , cost of sale, and all of the bonds herein secured, *pro rata*, principal and interest, those that may not be due as well as those that are, without any rebate whatever, and pay the surplus unto the said W. O. Temple, heirs or grantees.

The sale herein provided for may be had after sixty days advertisement at the court-house door in Pasquotank County and three other public places in said county, or in lieu of such advertisement, sale may be had after eight successive publications of day of sale and terms in some weekly newspaper published in said county.

In witness whereof," &c.

(Signed by W. O. Temple, Blanche G. Temple and E. F. Lamb, Trustee).

It appears further, that the defendant was paid by the plaintiffs $375 for his services in making said sale, and that the notes given by Temple to plaintiffs for the purchase-price of the lands were taken by plaintiffs out of the possession of defendant before the Trustee's sale, and that after some payments had been made by said Temple upon said notes he made default, and upon request of plaintiffs the defendant sold the lands under the provisions of the deed of trust, and the plaintiffs bid off the same and became the purchasers at a sum less than the amount of the balance of purchase-money which was then unpaid, and that defendant, as trustee, executed to the plaintiffs a deed for said lands.

It further appears that after the sale by plaintiffs to Temple and the contemporaneous execution of the deed of trust by Temple and wife to defendant, the said Temple went into possession of said lands and cut timber upon the same and sold said timber and paid part of the proceeds of said sales to plaintiffs, and made some improvements upon said lands with the knowledge of plaintiffs and without objection on their part.

The plaintiffs bring this action, alleging that defendant, as trustee in said deed of trust, in violation of his duty as Trustee, negligently permitted said Temple to cut and dispose of said timber, and failed to pay the taxes upon said lands, to the damage of plaintiffs $1,706.33.

And plaintiffs further allege that defendant, in consideration of the $375 paid him as aforesaid, agreed to look after the timber upon said lands, and if Temple should make any sale or disposition thereof, to attend to it and see that the proceeds therefrom were applied to the payment of the balance of purchase-price of said lands; and further, that the defendant, in consideration of the said commissions, agreed to collect the said notes without further charge; but that upon the sale of the lands by defendant under the deed of trust and purchase by plaintiffs, defendant refused to make a deed to the plaintiffs for the same until plaintiffs paid him the sum of $233 as commissions on said sale, and that, in order to procure a deed from defendant, the plaintiffs paid him said sum under protest. And they now seek to recover said sum, in addition to the damages named above.

The following issues were submitted to the jury:

1. Did the defendant, as trustee, in violation of his duties as set forth in the deed of trust, negligently permit the cutting and removal of the timber and the diversion of the proceeds by Temple?

2. Did the defendant wrongfully exact and receive from the plaintiffs the sum of $233 as commissioner for foreclosing the trust in violation of an agreement not to charge therefor, as alleged in the complaint?

3. Did the defendant, for a valuable consideration, contract with the plaintiffs to look after the cutting and sale of the timber and see to the proper application of the proceeds for the plaintiffs, as alleged in the complaint?

4. If so, did the defendant neglect to perform the same?

5. What damage, if any, have the plaintiffs sustained?

The following prayers for instructions were asked for by the plaintiffs upon the first issue:

1. When Lamb signed the trust, it was an acceptance of the trust by him and he became chargeable with it according to its true intent and meaning.

2. It is the fundamental duty of a trustee to do his utmost for the *cestui que trust*, and the rule is that he must act in good faith, which includes not only what is commonly understood by honesty and integrity, but care, diligence and attention.

3. If a trustee permit a debtor to retain possession of a trust estate, work and use it as his own, he will be held responsible for the injury to the trust fund out of his own estate.

His Honor charged the jury upon the first issue: That when the defendant signed the trust, it was an acceptance by him and he was bound by its provisions; that this issue relates exclusively to defendant's duties as trustee under said deed of trust, and that, upon all the evidence, the jury should answer the first issue No. And upon the second issue, that if the jury believe the evidence in the case, they should answer the second issue No.

Several exceptions taken to the evidence were not insisted upon in this Court, and no exceptions were taken to the charge upon the other issues.

The jury responded "No" to the first, second and third issues. It was found by their response to the third issue, that there was no contract or agreement (independent of the deed of trust between the plaintiffs and defendant) that defendant was to look after the cutting and sale of the timber, and see to the proper application of the proceeds for the plaintiffs, as alleged in the complaint. There was judgment for defendant, and plaintiffs appealed.

*Mr. E. F. Aydlett,* for plaintiffs.
*Mr. R. H. Battle,* for defendant.

MACRAE, J.—after stating the case: The case stands upon the refusal of his Honor to give the instructions upon the first issue as asked, and his instructions upon the first and second issues as set forth above. And the only question presented us is as to the duty of defendant as trustee under the deed of trust.

The general principles governing all trustees in the administration of the trusts confided to them are too well settled to require the citation of authorities. They are to use diligence and faith ; they are not permitted to wrest their opportunities to their own advantage, nor to suffer wrong to be done in the premises to their *cestuis que trustent ;* their compensation is fixed by deed or allowed by order.

The defendant in the case before us was a trustee for sale; his duties were fixed by the deed ; he was to reconvey to the trustor upon the payment of the debt secured, and in case of default in said payment, and upon the request of the payees, he was to sell the lands and apply the proceeds of sale: first, in payment of his commissions ; next, to the satisfaction of the indebtedness ; and the surplus, if any, he was to pay over to the trustor.

Was it incumbent upon the defendant under the terms of this deed to take possession of the land or to enjoin the cut-

ting of timber by the trustor in possession, or to see to the proper application of the proceeds of sales of timber by him, or to see that the trustor in possession paid the taxes accruing upon the land?

It seems to have been in contemplation of the parties to the deed that the trustor should remain in the possession and that he might cut the timber thereon; for it is provided in the deed that, " If the said Temple shall make any sale or disposition of the timber of the aforesaid lands, it is hereby agreed he shall apply the proceeds therefrom in payment of the bonds herein received." That he did remain in possession and cut timber from the land was known to the plaintiffs, and they received at least a portion of the money arising from such sales in payment of the notes, and the defendant seems to have sold the land promptly upon default in payment and request made to him to sell.

We have carefully examined the authorities cited by the diligent counsel for the appellant to support his contention that the trustee was bound to take immediate possession of the land, to prevent the cutting of timber by the trustor, or to see to the application of the proceeds of sale thereof in payment of the debt to plaintiffs, and to see that the taxes were paid, and we find that these authorities simply enunciate the principles relating to the general duties of trustees, or refer to special trusts where other duties were imposed upon the trustees than to sell upon default in payment and request of the payees.

As to the plaintiffs' contention that by virtue of a distinct agreement, separate from the stipulations of the deed, the defendant undertook in consideration of the $375 he had already received, to collect the notes without additional charge, it was provided in the deed that the trustee should retain five per cent. as commissions upon the sale of the land by him, and it is not charged that he withheld a greater sum. It was in evidence that the notes were taken out of

the trustee's hands, and that he was requested by plaintiffs to sell the land under the deed which provided for the payment of his commissions upon the sale. We therefore conclude that his Honor properly instructed the jury, that if they believed the evidence they should respond to the second issue, No.

There is no error, and the judgment must be

. Affirmed.